UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DONNA DEANN HUNT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:20-CV-238 |
| | ) |
| GIBSON GENERAL HOSPITAL, INC., | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Donna Deann Hunt ("Hunt"), by counsel, against Defendant, Gibson General Hospital, Inc. ("Defendant"), pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621 et. seq. ("ADEA").

**II. PARTIES**

2. Hunt is a citizen of the United States, the State of Indiana and, at all times relevant to this litigation, resided in Pike County, State of Indiana, which is within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a Domestic Nonprofit Corporation, which maintains offices and conducts operations in within the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b).

6. At all times relevant to this action, Hunt was an "employee" as that term is defined by 29 U.S.C. § 630(f).

7. Hunt exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on age and retaliation. Hunt has filed her Complaint within ninety (90) days of receipt of her Notice of Suit Rights.

8. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV.   FACTUAL ALLEGATIONS

9. Hunt, who is 68 years old, was hired by the Defendant, for a second time, on or about September 26, 2011. Hunt held the position of Director of Human Resources upon her discharge on September 30, 2019.

10. At all times relevant, Hunt met or exceeded Defendant's legitimate performance expectations. Hunt's performance reviews back up her strong work performance.

11. Hunt is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8). Defendant knew of Hunt's disability and/or regarded Hunt as being disabled and/or Hunt has a record of being disabled.

12. Hunt was the oldest employee employed by the Defendant in a Director position.

13. In or about early 2019 the Defendant was exploring moving some functions/positions to Deaconess Hospital ("Deaconess") as Defendant and Deaconess work together and share functions.

14. In or about March 2019, Hunt discussed with the Defendant's new CEO, Claudia Eisenmann ("Eisenmann") about reducing a clerical position in Human Resources to accommodate budget issues. Hunt's position was never discussed.

15. In or about May 2019, Eisenmann asked Hunt when she planned on retiring. Hunt responded not for another 2 or 3 years. Hunt engaged in a protected activity and reported this discriminatory comment to the Human Resources Director for Deaconess.

16. Also, Eisenmann discussed adding another Administrative Position to Administration because she knew someone who would be a fit – Janet James – who is significantly younger than Hunt.

17. Due to alleged department restructuring and budgetary concerns, Defendant's Human Resources department was evaluated and Hunt's position was to be eliminated – even though Eisenmann recently discussed creating a position. In the past, the Defendant has always transferred employees or assisted in finding positions for employees whose positions were eliminated. The Defendant took no such actions for Hunt.

18.     On or about July 15, 2019, Hunt was verbally informed that she was going to be terminated. On or about July 22, 2019, Hunt was provided written notice that her employment was going to be terminated effective September 30, 2019.

19.     In or about July 2019, Hunt discovered that a position – Chief Administrative Officer – had been created, which Hunt was qualified for and encompassed many of the duties that she handled in her current position. The position was never posted and Hunt was not given consideration for the position. The position was ultimately awarded to a person significantly younger than Hunt.

20.     On or about August 6, 2019, Hunt met with Eisenmann and the Defendant's CNO at Eisenmann's request - where Hunt was informed that she was being terminated effective August 6, 2019, but she would be paid through September 30, 2019.  Hunt made proposals regarding keeping her employment and/or severance. The Defendant rejected Hunt's proposals. Hunt also requested to meet with the Defendant's Board Members; however, her request was never granted.

21.     On or about August 7, 2019, Eisenmann sent out an email announcing the elimination of Hunt's position and that Hunt's position would be handled via contract with Deaconess.

## V.  LEGAL ALLEGATIONS

### COUNT I – AGE DISCRIMINATION

22. Hunt hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint.

23. Defendant has willfully and intentionally, with malice and/or reckless disregard for Hunt's rights, engaged in unlawful and discriminatory employment practices by terminating Hunt's employment and/or refusing to transfer her based on her age in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 621 et. seq.

24. Hunt has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II –ADEA RETALIATION

25. Hunt hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26. Defendant violated Hunt's rights retaliating against her and terminating her employment and/or refusing to transfer her for engaging in a protected activity.

27. Defendant's actions were intentional, willful and in reckless disregard of Hunt's rights as protected by the ADEA.

28. Hunt has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Donna Deann Hunt, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Enjoin Defendant from any discriminatory actions based on a person's age;

3. Pay to Plaintiff all of her lost wages and benefits;

4. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

5. Pay to Plaintiff liquidated damages and/or punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

        Respectfully submitted,

        s/*Kyle F. Biesecker*
        Kyle F. Biesecker (24095-49)
        BIESECKER DUTKANYCH & MACER, LLC
        411 Main Street
        Evansville, Indiana 47708
        Telephone: (812) 424-1000
        Facsimile:  (812) 424-1005
        Email: kfb@bdlegal.com

        *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Donna Deann Hunt, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

s/*Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorneys for Plaintiff*